**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHAMBER OF COMMERCE OF THE**
**UNITED STATES OF AMERICA,**

**and**

**COALITION FOR A DEMOCRATIC**
**WORKPLACE,**

  **Plaintiffs,**

    **v.**                                    **Civil Action No.  11-2262 (JEB)**

**NATIONAL LABOR RELATIONS**
**BOARD,**

  **Defendant.**

**<u>MEMORANDUM OPINION</u>**

On December 20, 2011, Plaintiffs Chamber of Commerce of the United States of

America and the Coalition for a Democratic Workplace filed a lawsuit that sought to invalidate a

regulation promulgated by Defendant National Labor Relations Board.  On May 14, 2012, they

succeeded in that aim.  Finding that the Board lacked the statutorily mandated three-member

quorum when it voted to adopt the rule, the Court granted Plaintiffs' Motion for Summary

Judgment and invalidated the rule.  The NLRB has now filed a Rule 59(e) Motion to Alter or

Amend that judgment.

Contending that the Court erred in finding that Member Brian Hayes could not be

counted toward the quorum requirement, the NLRB both restates an old argument and proffers

new evidence.  The former is easily disposed of.  The Court has already considered and rejected

the Board's position that Hayes should be counted toward the quorum based on his prior

statements and his participation in preliminary votes.  Rule 59(e) is not a vehicle for rehashing arguments that have been previously rejected, and, in any event, the argument is no more persuasive in its expanded and refined form than it was in the first go-round.

The new evidence, though, presents a closer question.  An affidavit submitted with the Board's Motion sets forth facts entirely absent from its summary-judgment filings, and those facts do somewhat strengthen the agency's position that Hayes was present for but abstained from the pivotal vote.  That said, the Board has neither adequately explained why it could not have presented this evidence at the summary-judgment stage nor established that the Court's contrary finding was "clear error."  As a result, the Court will deny Defendant's Motion.

### I.      Background

Both the factual background of this case and the legal framework at play are set forth more fully in the Court's May 14th Opinion.  See Chamber of Commerce v. NLRB, --- F. Supp. 2d ---, 2012 WL 1664028 (D.D.C. May 14, 2012).  For purposes of the instant Motion, only a few facts and a bit of procedural history are necessary.

The NLRB, the federal agency tasked with administering the National Labor Relations Act, is a five-member body authorized "to make . . . such rules and regulations as may be necessary to carry out the provisions of [the Act]."  29 U.S.C. § 156; see also generally id. §§ 151-57; New Process Steel, L.P. v. NLRB, 130 S. Ct. 2635, 2638 (2010).  Except in limited circumstances not present here, the Board must have a quorum of three members in order to act. See 29 U.S.C. § 153(b); see also New Process Steel, 130 S. Ct. at 2638.  In December 2011 the NLRB issued a new rule that purported to change the procedures for resolving disputes about union representation.  See Final Rule, 76 Fed. Reg. 80,138 (Dec. 22, 2011).  Two of the Board's three members voted in favor of adopting the final rule; the third, Member Hayes, did not cast a

vote.  See id. at 80,146; Def.'s Opp. to Pls.' Mot. for Summ. J., Exh. 1 (Decl. of Brian Hayes), ¶

11.

 Plaintiffs challenged the rule on multiple grounds, most of which the Court did not reach

because their claim that the Board lacked the statutorily mandated three-member quorum when it

voted to adopt the rule carried the day.  See Chamber of Commerce, 2012 WL 1664028.  In

granting Plaintiffs' Motion for Summary Judgment, the Court first found that Hayes's

participation in the rule's development and in two earlier decisions did not suffice.  See id. at *5-

6.  "[T]he December 16th decision to adopt the final rule, not the earlier votes, was the relevant

agency action," and "[a] quorum . . . must have participated in that decision."  Id. at *5

(emphasis in original).  Second, the Court concluded that Hayes did not participate in the

December 16th vote to adopt the final rule and thus could not be counted toward the quorum.

See id. at *7-10.  While Hayes need not have voted in order to be counted, the mere fact that he

held office was not enough.  See id. at *8.  His failure to be present for or participate in the vote

to adopt the rule meant that the Board lacked the required three-member quorum when it

purported to promulgate such rule.  See id. at *7-10.

 A few weeks after the Court granted Plaintiffs' Motion for Summary Judgment and

determined that the challenged rule had been promulgated without the participation of quorum,

the NLRB filed a Rule 59(e) Motion to Alter or Amend the Judgment.  It is to the resolution of

that Motion that the Court now turns.

## II. Legal Standard

 Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a

judgment when such motion is filed within 28 days after the judgment's entry.  The court must

apply a "stringent" standard when evaluating Rule 59(e) motions.  Ciralsky v. CIA, 355 F.3d

661, 673 (D.C. Cir. 2004). "A Rule 59(e) motion is 'discretionary' and need not be granted

unless the district court finds that there is an 'intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting Nat'l Trust v. Dep't of

State, 834 F. Supp. 453, 455 (D.D.C. 1993)); see also 11 C. Wright & A. Miller, Fed. Prac. &

Proc. Civ. § 2810.1 (2d ed. 1995) ("four basic grounds" for Rule 59(e) motion are "manifest

errors of law or fact," "newly discovered or previously unavailable evidence," "manifest

injustice," and "intervening change in controlling law"). Rule 59(e), moreover, "is not a vehicle

to present a new legal theory that was available prior to judgment." Patton Boggs LLP v.

Chevron Corp., --- F.3d ---, 2012 WL 2362593, at *4 (D.C. Cir. June 22, 2012).

### III.    Analysis

In asking the Court to reconsider its conclusion that the Board lacked a quorum when it

voted to adopt the final rule, the NLRB appears to accept – at least for purposes of this Motion –

much of the Court's reasoning. The agency, for example does not at this juncture dispute that "a

member may not be counted toward a quorum simply because he holds office." Chamber of

Commerce, 2012 WL 1664028, at *8. Indeed, the NLRB seems to concede that the relevant

"line [is] between a present but abstaining voter (who may be counted toward a quorum) and an

absent voter (who may not be)," id. at *7, and it contends only that the Court made a "clear error

of fact" when it found that Hayes fell on the latter side of that divide. In other words, everyone

seems to agree on the standard; only its application to the facts is at issue.

The NLRB makes two distinct arguments in its attempt to show that the Court got the

facts wrong when it granted Plaintiffs' Motion for Summary Judgment. First, it refines and

expands its suggestion that Hayes's statements and actions prior to the December 16th vote to

4

adopt the rule should qualify him for inclusion in the quorum.  Second, it maintains that a newly

submitted affidavit constitutes "proof that on December 16 Member Hayes was present in the

Board's electronic voting room."  Mot. at 1.  These will be addressed separately.

### A.  Hayes's Prior Statements and Actions

In its summary-judgment briefs the NLRB argued that Hayes's actions prior to December

16, 2011 – in particular, his votes on a December 15th Procedural Order and the November 30th

Resolution to proceed with drafting the final rule – sufficed to establish his membership in the

quorum for the December 16th vote.  See Def's Opp. to Pls.' Mot. for Summ. J. at 4-5.  In its

Rule 59(e) Motion, the agency has refined this argument to focus more on Hayes's prior

statements than on these preliminary votes, and it makes the more nuanced point that these

previous acts, even if not sufficient in themselves, should inform the Court's interpretation of his

failure to vote or indicate his abstention on December 16.  See Mot. at 6-10.

Although this argument expands and improves upon that which the agency previously

espoused, the Court has already rejected its core:

> Myriad subsidiary decisions are required in the process of
> promulgating regulations, but it is the final decision to adopt (or
> not to adopt) a given rule that transforms words on paper into
> binding law.  That decision, which in this case took place on
> December 16, 2011, required a quorum.

Chamber of Commerce, 2012 WL 1664028, at *6 (emphasis in original).  "Rule 59(e) . . . 'may

not be used to relitigate old matters . . . or to raise arguments . . . that could have been raised

prior to the entry of judgment.'"  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)

(quoting 11 Wright & Miller, Fed. Prac. & Proc. Civ. § 2810.1).  The NLRB's argument based

on Hayes's prior actions has already been adjudicated, and any aspects of that argument that

were not previously raised certainly could have been.  In any event, the expanded argument does
not change the outcome.

B.  New Evidence About Electronic Voting Room

Along with its Motion the NLRB has submitted an affidavit prepared by Bryan Burnett,
the "principal architect" of the Board's electronic voting room.  See Mot., Exh. 1 (Aff. of Bryan
Burnett), ¶ 2.  Burnett explains the mechanics of the voting room in general terms, see id., ¶¶ 4-
19, and provides details about what went on in that virtual space on December 13-16, 2011, with
respect to the challenged rule.  See id., ¶¶ 20-31.  All three members were actively voting on
various matters on those days, and Hayes himself directed eighteen votes to be cast on December
16.  See id., ¶¶ 26-27.  The other two members voted on the final rule at 11:54 a.m. and 12:05
p.m.  Id., ¶¶ 28-29.  Approximately twenty minutes later, at 12:24 p.m., the Chairman
electronically circulated the document to Member Hayes, creating a "voting task" that asked
Hayes to cast his vote.  See id., ¶ 30.  At 12:37 p.m., Hayes's deputy chief counsel electronically
"opened" this task.  Id., ¶ 31.  This evidence, the agency maintains, establishes that Hayes "was
actually present and participating in the very same room at the very same time that this vote was
held."  Mot. at 6.

But where was this evidence and corresponding argument at summary-judgment time?
The newly presented facts about the electronic voting room were not previously unavailable.
Defendant simply chose not to include them.  Attempting to justify that choice, the NLRB insists
that Plaintiffs' opening brief assumed that Hayes had abstained and argued only that abstaining
voters cannot be counted toward a quorum.  See Mot. at 3-4.  Because it was "[Plaintiffs']
apparent position that Member Hayes had abstained," the agency insists that it "did not have
cause to burden the record" with the evidence suggesting that Hayes had participated in the final

6

vote.  Id. at 3.  As it was not until Plaintiffs' Reply that Hayes's abstention was questioned, the

Board maintains that it "had no opportunity" to respond with evidence of his participation.  Id.

 The agency seeks to slice Plaintiffs' opening brief too thin.  Plaintiffs' argument was that

"only two members participated in the vote to approve (or not) the Final Rule."  Pls.' Summ. J.

Mot. at 15; see id. at 13-15.  The evidence the agency now seeks to introduce is plainly

responsive to that argument.  In addition, the NLRB had been on notice of Plaintiffs' contention

even before the opening briefs were filed.  A Motion for Extension of Time filed on January 30,

2012, with Defendant's consent stated that the parties had met to discuss the quorum requirement

and that Plaintiffs had "requested . . . any evidence . . . that Mr. Hayes voted or otherwise

participated in issuing the Final Rule."  Pls.' Ext. Mot. (ECF No. 15) at 2; see also id., Exh. 1

(Decl. of David Kerr), ¶ 6 ("Counsel for the Plaintiffs specifically asked . . . counsel for the

Board to share as soon as possible any evidence that Mr. Hayes in fact voted or participated in

issuing the Final Rule.").  Instead of arguing that Hayes participated in the final vote or

providing Plaintiffs or the Court any evidence to that effect, the NLRB relied on his involvement

in preliminary decisions.  That was a tactical decision and not dictated by Plaintiffs' position.

 Ultimately, the agency's insistence that it was blindsided by Plaintiffs' argument that

Hayes did not participate in the vote does not hold water.  And even if it had been caught off

guard by Plaintiff's Reply, it was certainly free to seek leave to file a Surreply on the ground that

new arguments had been raised.  "[M]anifest injustice does not exist where, as here, a party

could have easily avoided the outcome, but instead elected not to act until after a final order had

been entered."  Ciralsky, 355 F.3d at 673.  Rule 59(e) is simply not a vehicle for "present[ing]

evidence that could have been raised prior to the entry of judgment."  Exxon Shipping, 554 U.S.

at 485 n.5 (quoting 11 Wright & Miller, Fede. Prac. & Proc. Civ. § 2810.1) (internal quotation mark omitted).

Yet even were the Court to excuse Defendant's failure to present this evidence at the appropriate time, the NLRB has not succeeded in demonstrating that the Court made a "clear error" when it determined that Hayes did not participate in the December 16th vote to adopt the final rule. "Courts have generally not defined what constitutes 'clear error' under Rule 59(e)," but "[w]hat can be learned from scarce case law on the subject is that clear error should conform to a 'very exacting standard.'" Piper v. DOJ, 312 F. Supp. 2d 17, 21 (D.D.C. 2004) (quoting Oneida Indian Nation of New York v. County of Oneida, 214 F.R.D. 83, 98 (N.D.N.Y. 2003). Indeed, the Seventh Circuit has "declared that a final judgment must be 'dead wrong' to constitute clear error." Id. (referencing and quoting Parts & Electric Motors, Inc. v. Sterling Electric, Inc., 866 F.2d 228, 233 (7th Cir. 1988)).

While Burnett's affidavit certainly buttresses the agency's position, it by no means achieves this demanding standard. First, Hayes's presence for and participation in other votes taken that day do not necessarily establish his presence for the vote in question. He must have been present for this vote to be counted toward this quorum. Second, even if Hayes's employees were authorized to cast votes on his behalf with respect to the other actions up for consideration that day, there is no indication that they were authorized to vote or abstain on his behalf with respect to the decision to adopt the final rule. Indeed, Hayes's statement that after December 15 he simply "gave no thought to whether further action was required of [him]" with respect to the final rule belies that possibility. Third, even assuming that specific authorization was not required and Hayes's deputy chief counsel's opening the voting task could be attributed to Hayes, the NLRB has not provided any indication that the rule was sent for publication after that

took place.  In fact, the Board's consistent position has been that the Solicitor published the final

rule in the Federal Register "[i]mmediately upon approval of a final rule by a majority of the

Board."  Def.'s Mot. for Summ. J., Exh. 3 (Order, Dec. 15, 2011) at 1 (emphasis added).  The

rule, accordingly, may well have been sent off for publication at 12:05 p.m., by which time a

majority had voted in its favor, and 32 minutes before Hayes's staff "opened" the task.  See

Burnett Aff., ¶ 29.  In sum, then, even if Hayes's deputy's opening the voting task could be taken

as Hayes's participation and subsequent abstention, the agency has not shown that this purported

abstention occurred prior to publication, let alone that Hayes was given a reasonable amount of

time to cast a vote.

     Perhaps most importantly, the final rule itself did not suggest that Hayes had abstained.

Instead, it stated that Hayes had "effectively indicated his opposition" to the rule – presumably

by his actions on previous days.  Final Rule, 76 Fed. Reg. at 80,146.  Hayes's own testimony,

moreover, is inconsistent with the agency's abstention theory.  See Hayes Aff., ¶ 11.  And

although Hayes's subjective mental state may not be decisive in determining whether he

abstained or was absent from the vote, his account of his intentions is consistent with his actions.

He apparently did not provide his employees with any instructions to take action on his behalf

with respect to the relevant vote, and, inconsistent with an abstention, he subsequently issued a

dissenting statement.  See Separate Concurring and Dissenting Statements, 77 Fed. Reg. 25,559,

25,548 (Apr. 30, 2011).  Like the remainder of the Board, he seems merely to have been under

the misimpression that his having "effectively indicated his opposition" via prior statements and

votes sufficed, Final Rule, 76 Fed. Reg. at 80,146, and he thus "gave no thought to whether

further action was required of [him]." Hayes Aff., ¶ 11.

In the end, the NLRB has offered too little too late.  Certainly Burnett's testimony would have been useful at the summary-judgment stage, but it likely would not have changed the outcome even then, and it certainly does not establish "clear error" or "manifest injustice" now. As the Court has previously stated, "[N]othing appears to prevent a properly constituted quorum of the Board from voting to adopt the rule if it has the desire to do so."  <u>Chamber of Commerce</u>, 2012 WL 1664028, at *10.  Until then, the Court cannot reinstate a rule that was promulgated without the requisite quorum and, accordingly, in excess of the agency's congressionally delegated power.

**IV.   Conclusion**

For the foregoing reasons, the court will issue a contemporaneous Order denying Defendant's Motion.


                                                    */s/ James E. Boasberg*
                                                    JAMES E. BOASBERG
                                                    United States District Judge

Date:  July 27, 2012